UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DUSTIN SEEGRIST,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>RAPID CITY POLICE DEPARTMENT,<br>KARL JEGERIS, Chief of Police at Rapid<br>City Police Department, in his<br>individual and official capacity;<br>UNKNOWN POLICE OFFICER, Police<br>Officer/K-9 handler at Rapid City Police<br>Department, in his individual and<br>official capacity; and UNKNOWN K-9, K-<br>9 at Rapid City Police Department, in<br>his individual and official capacities;<br><br>　　　　　　　　Defendants. | CIV. 19-5009-JLV<br><br><br><br>ORDER |

## INTRODUCTION

Plaintiff Dustin Seegrist filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by allowing a Rapid City Police Department ("RCPD") dog to attack him. (Docket 1). He later filed an amended complaint. (Docket 5). Plaintiff is an inmate at the Pennington County Jail. Id. at p. 1. He moved for leave to proceed *in forma pauperis* and filed a copy of his prisoner trust account. (Dockets 2 & 3). For the reasons given below, the court grants plaintiff's motion to proceed *in forma pauperis* and dismisses part of his amended complaint in the *pro se* prisoner

screening process. The court appoints temporary counsel for plaintiff by separate order.

I. ***In Forma Pauperis* Status**

In support of his motion to proceed *in forma pauperis*, plaintiff filed an affidavit attesting to his indigency. (Docket 2). He states he is presently unemployed due to his incarceration and he has $25 in savings. Id. at pp. 1-2. The court finds plaintiff is indigent and grants him leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners seeking to proceed *in forma pauperis* to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)     the average monthly deposits to the prisoner's account; or

(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 3). The report shows an average monthly deposit for the past six months of $1.43, an average monthly balance for the past six months of $0, and a current balance of $0. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

To pay the full filing fee as required by law, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The Clerk of Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Prisoner Complaint Screening

### A. Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in part or full if the complaint is "frivolous, malicious, or fails to

state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Because plaintiff is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

**B.    Facts**

The following factual recitation is drawn from plaintiff's amended complaint. (Docket 5). Plaintiff states he was attacked by a RCPD dog, named in the complaint as an "unknown K-9," on June 4, 2018. (Docket 5 at p. 4). Plaintiff was lying in the grass on the south side of Rapid City, South Dakota, when the dog attacked him "without warning or provocation[.]" Id. The dog bit plaintiff on his upper left shoulder, requiring treatment at the emergency room. Id. The police officer handling the dog let it "go on its own without a leash or verbal commands[.]" Id. at p. 5. The dog bit plaintiff "multiple times" before its handler "showed up and got K-9 to quit." Id. Plaintiff was "physically and mentally injured." Id. He sent a written complaint and a request for information to defendant Karl Jegeris, the Chief of the RCPD, and the State's

4

Attorney's office "and was ignored." Id. at pp. 4, 6.

### C. Analysis

Plaintiff's amended complaint alleges three counts of constitutional violations. First, he alleges defendants' role in the dog attack violated his "4th Amendment/due process, protection of [his] life and liberty" rights. (Docket 5 at p. 4. Second, he alleges defendants' role in the dog attack constituted cruel and unusual punishment, in violation of the Eighth Amendment. Id. at p. 5. Finally, he alleges defendants' role in the dog attack violated his "14th Amendment/equal protection of laws due process" rights. Id. at p. 6. The court dismisses all claims against the RCPD, all claims against the police dog, all claims pertaining to the defendants in their official capacities, all claims against Chief Jegeris and all claims brought under the Eighth and Fourteenth Amendments. The court allows plaintiff's individual capacity Fourth Amendment claim to proceed against the unknown officer handling the dog.

#### 1. Dismissing defendants

The court first dismisses all claims against the RCPD. Municipal police departments are not suable entities in a § 1983 action. Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992). Police departments are "simply departments or subdivisions of the City government." Id. Plaintiff cannot maintain his claims against the RCPD.

The court next dismisses all claims against the police dog. Section 1983 creates liability against "every *person*" who deprives another of a federal right under the color of state law. 42 U.S.C. § 1983 (emphasis added). While the

5

scope of the term "every person" is certainly the subject of voluminous judicial discussion, it cannot be said to encompass animals. Plaintiff cannot sue the dog that allegedly injured him.

The court dismisses all official capacity claims against both Chief Jegeris and the unknown officer. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's official capacity claims are, in effect, against the City of Rapid City, the governmental entity employing both Chief Jegeris and the unknown officer. A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Monell v. Dep't. of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978).

Here, plaintiff does not allege sufficient facts to survive the screening process. In his original complaint, he asserts the unknown officer did not follow "K-9 policies and procedures," but gave no further details. (Docket 1 at p. 4). In the amended complaint, plaintiff mentions "policies and procedures" in a largely illegible sentence that provides no detail. (Docket 5 at p. 4). Even under liberal review, plaintiff simply has not identified any municipal policy or custom resulting in his alleged injuries. The court cannot construe any claim against Chief Jegeris or the unknown officer in their official capacities because plaintiff did not successfully allege a municipal liability claim.

Finally, the court dismisses all individual capacity claims against Chief Jegeris. "[A] supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights. Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). Liberally construing plaintiff's complaints, the court cannot discern an allegation that Chief Jegeris directly participated in a constitutional violation or failed to properly supervise or train the unknown officer. Plaintiff only alleges Chief Jegeris "violated [his] rights" and "is responsible for the unknown police officer[.]" (Docket 5 at pp. 4-5). These naked assertions of vicarious liability do not successfully state a claim.

### 2. Dismissing claims

The only remaining defendant is the unknown dog handling officer, sued in his individual capacity. Plaintiff alleges the dog attack violated his rights under the Fourth, Eighth and Fourteenth Amendments. The court will permit the Fourth Amendment claims to proceed.[1]

Plaintiff alleges the attack violated his Fourth Amendment right to "due process, protection of [his] life and liberty[.]" (Docket 5 at p. 4). The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. Amend. IV. The Fourth Amendment also guarantees the right to be free

---

[1]At this early stage of the litigation, the court expresses no view as to whether the unknown officer is entitled to qualified immunity from plaintiff's claims.

from excessive force during an arrest or investigation. Jackson v. Stair, 944 F.3d 704, 710-11 (8th Cir. 2019) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)). Construing the complaints liberally, the court finds plaintiff stated both an unreasonable seizure and an excessive force claim. Plaintiff asserts the unknown officer deliberately set the police dog on him, causing injury. (Docket 5 at p. 4). He also asserts he was taken to jail after the incident. Id. at p. 6. These facts could make out Fourth Amendment violations. See Kuha v. City of Minnetonka, 365 F.3d 590, 597 (8th Cir. 2004) (finding dog attack can engender Fourth Amendment excessive force claim), abrogated in part on other grounds by Szabla v. City of Brooklyn Park, Minn., 486 F.3d 385 (8th Cir. 2007) (en banc); see also Collins v. Schmidt, 326 F. Supp. 3d 733, 738-41 (D. Minn. 2018) (finding dog attack constituted unreasonable seizure).

Plaintiff asserts the dog attack violated the Eighth Amendment's protection against cruel and unusual punishment. (Docket 5 at p. 5). " '[T]he Eighth Amendment has no application' until there has been a 'formal adjudication of guilt[.]' " Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). Plaintiff does not allege the dog attack occurred in state custody after an adjudication of his guilt. In fact, he alleges the attack occurred in public. The court dismisses plaintiff's Eighth Amendment claim.

Finally, plaintiff alleges the dog attack violated the Fourteenth Amendment's Equal Protection and Due Process Clauses. In this section of his amended complaint, plaintiff merely restates his dog attack allegations. He

8

does not allege how the attack treated him differently from other similarly situated persons or deprived him of due process. See In re Kemp, 894 F.3d 900, 909-10 (8th Cir. 2018) (Equal Protection Clause test); Graham, 490 U.S. at 393-95 (rejecting use of substantive due process to evaluate excessive force claim). Plaintiff's allegations could make out Fourth Amendment violations, but do not state equal protection or due process claims.[2]

**ORDER**

For the reasons given above, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of plaintiff shall, whenever the amount in his inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court for the District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that defendant shall serve and file an answer or responsive pleading to the complaint, together with a legal brief or

---

[2] Of course, the Due Process Clause incorporates the Fourth Amendment's protections, extending their reach into state proceedings. See Mapp v. Ohio, 367 U.S. 643 (1961); see also Zinermon v. Burch, 494 U.S. 113, 125 (1990). The court holds plaintiff did not state a stand-alone due process claim, whether substantive or procedural.

memorandum in support, on or before twenty-one (21) days following the date of service.

IT IS FURTHER ORDERED that plaintiff's claims against the Rapid City Police Department, Karl Jegeris, and the Unknown K-9 are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

IT IS FURTHER ORDERED that plaintiff's official capacity claim against the Unknown Police Officer is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

IT IS FURTHER ORDERED that the caption of all future pleadings in this case shall be altered to read as follows:

| | |
|---|---|
| DUSTIN SEEGRIST,<br><br>                Plaintiff,<br>vs.<br><br>UNKNOWN POLICE OFFICER, Police Officer/K-9 handler at Rapid City Police Department, in his individual capacity;<br><br>                Defendant. | CIV. 19-5009-JLV<br><br><br><br>ORDER |

Dated January 9, 2020.

BY THE COURT:

_____
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE