UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DUSTIN SEEGRIST,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER DALTON GUSTAFSON, OFFICER MATTHEW HOWER/K-9 handler, OFFICER ZECHARIAH STRINGER, and OFFICER ALEXANDER KING at the Rapid City Police Department, in their individual capacities, and CITY OF RAPID CITY,<br><br>    Defendants. | CIV. 19-5009-JLV<br><br>ORDER |

**INTRODUCTION**

Defendants filed a motion to dismiss plaintiff's complaint "for fail[ing] to effectuate service as required by Fed. R. Civ. P. 4(m) and fail[ing] to seek leave of the Court to add parties as required by Fed. R. Civ. P. 21."  (Docket 20). Defendants' supporting legal memorandum adds a third motion, that is, a motion to strike plaintiff's second amended complaint "for fail[ing] to seek leave of the Court to amend pursuant to Fed. R. Civ. P. 15(a)."  (Docket 21 at p. 1). Plaintiff filed a legal memorandum, an affidavit and 24 exhibits in opposition to defendants' motions.  (Dockets 24, 25 & 25-1 through 25-24).  Defendants filed a reply brief together with an affidavit and three exhibits.  (Dockets 26, 26-1 through 26-3 & 27).  For the reasons stated below, defendants' motions are denied.

**PROCEDURAL HISTORY**

On February 8, 2019, plaintiff Dustin Seegrist, a prisoner at the Pennington County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging defendants[1] violated his constitutional rights by allowing a Rapid City Police Department ("RCPD") dog to attack him. (Docket 1). Mr. Seegrist moved for leave to proceed *in forma pauperis* ("IFP motion") and filed a copy of his prisoner trust account. (Dockets 2 & 3). While plaintiff's IFP motion was pending, on February 25, 2019, he filed an amended complaint and a later motion for appointment of counsel. (Dockets 5 & 6).

On January 9, 2020, the court granted plaintiff's IFP motion. (Docket 9 at pp. 2 & 9). The court is required to complete a screening of a prisoner's complaint pursuant to 28 U.S.C. § 1915A. "Under . . . § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. at p. 3. As part of that examination, the court dismissed the claims against the Rapid City Police Department, the K-9 dog, Chief Jegeris and the unknown officer. Id. at pp. 5-6 & 10. Dismissal pursuant to § 1915A is without prejudice unless the court indicates otherwise. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also De La Garza v. Kandiyohi County Jail, Correctional Institution, 18 Fed. Appx. 436, 437 (8th Cir. 2001) ("[W]e

---

[1] Defendants in the original complaint were the Rapid City Police Department, Chief of Police Karl Jegeris, an unknown police officer as a K-9 handler in the police department and unknown K-9 at the police department. (Docket 1).

modify the dismissal to be without prejudice so that Mr. De La Garza may refile his complaint to name a suable entity or individual[.]")

Based on the allegations in plaintiff's *pro se* first amended complaint, the court permitted plaintiff's Fourth Amendment claim to proceed against the "Unknown Police Officer, Police Officer/K-9 handler at Rapid City Police Department, in his individual capacity[.]"  (Docket 9 at pp. 7 & 10).

On the same day, the court granted plaintiff's motion for appointment of counsel and temporarily appointed Attorney Steven Beardsley *pro bono* to evaluate plaintiff's claim and determine if he would accept a permanent appointment.  (Docket 10).  Attorney Beardsley was required to notify the court on or before April 8, 2020, whether he intended to represent Mr. Seegrist during the duration of his case.  (Docket 11).  On April 20, 2020, the court appointed Attorney Beardsley "to represent plaintiff throughout the pendency of this litigation."  (Docket 12 at p. 3).  The order further directed "if plaintiff determines an amended complaint is appropriate, it shall be filed by May 29, 2020.  Counsel shall cause summons to be issued and served on defendants either upon the filing of an amended complaint or as soon as is otherwise possible."  Id. (bold omitted).

When no further action appeared in CM/ECF in this case, on August 3, 2020, the court's term law clerk directed an e-mail to Attorney Beardsley.  Sent under the direction of the court, the e-mail stated:

Good morning Steve,

3

> Judge Viken's order appointing you as counsel was entered on April 20. Docket 12. He set a deadline of May 29 for you to file an amended complaint or otherwise ordered that you serve the existing complaint immediately. No action has been taken in this case. Please file an amended complaint or serve the existing complaint as soon as possible. Thanks!

Four days later, on August 8, 2020, Attorney Beardsley filed a second amended complaint. (Docket 13). The second amended complaint asserted claims on behalf of Mr. Seegrist under 42 U.S.C. § 1983 together with state law claims of assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress and negligence. Id. passim. The newly identified defendants were: "Officer Dalton Gustafson, Officer Matthew Hower/K-9 handler, Officer Zechariah Stringer, and Officer Alexander King at Rapid City Police Department, and City of Rapid City." Id. at p. 1.

Attorney Beardsley moved for service of the summons by the United States Marshals service because of plaintiff's in forma pauperis status. (Docket 14). On September 21, 2020, the court entered an order directing the United States Marshals Service to "serve the completed summons with a copy of the complaint and this order upon the defendants." (Docket 15 at p. 1). Summons were issued by the Clerk of Court. (Docket 18). The defendants were served on October 5, 7, 9 & 13. (Dockets 19, 22 & 23).

## ANALYSIS

On October 26, 2020, defendants filed a motion to dismiss plaintiff's complaint "for fail[ing] to effectuate service as required by Fed. R. Civ. P. 4(m) and fail[ing] to seek leave of the Court to add parties as required by Fed. R. Civ. P.

4

21." (Docket 20). Defendants' brief adds a third motion to strike plaintiff's second amended complaint "for fail[ing] to seek leave of the Court to amend pursuant to Fed. R. Civ. P. 15(a)." (Docket 21 at p. 1). Plaintiff opposes defendants' motion and filed a brief, an affidavit and 24 exhibits. (Dockets 24, 25 & 25-1 through 25-24). Defendants filed a reply brief together with an affidavit and three exhibits. (Dockets 26, 26-1 through 26-3 & 27). Defendants' motions will be addressed in the manner deemed most efficient by the court.

1.     FAILURE TO EFFECTUATE SERVICE AS REQUIRED BY RULE 4(m)

    Rule 4 provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

    Defendants seek dismissal of plaintiff's first amended complaint on the basis of Rule 4(m). (Docket 21 at p. 3). Defendants acknowledge plaintiff could not seek the issuance of summons by the Clerk of Court until the court ruled on plaintiff's IFP motion and completed its § 1915A screening analysis of the first amended complaint. Id. at pp. 3-4. Defendants claim after the court's order of January 9, 2020, granting the IFP motion and permitting plaintiff's Fourth Amendment claim against the unknown dog handler to proceed, "there was no court impediment to Seegrist's ability to effectuate service as required by Fed. R.

Civ. P. 4(m)." Id. at p. 4.   Using that date, defendants argue Mr. Seegrist, either acting *pro se* or with counsel, Attorney Beardsley, who was appointed on a temporary basis on January 9, 2020, defendants should have been served pursuant to Rule 4(m) by April 8, 2020.   Id. (referencing Docket 10).

Defendants' next argument is that even if the court were to start the 90-day clock on April 20, 2020, when Attorney Beardsley's appointment became permanent, defendants should have been served "no later than July 19, 2020." Id. (referencing Docket 12).   Defendants' further argue if the Rule 4(m) clock did not start until May 29, 2020, the date by which the court ordered plaintiff to file an amended complaint, the 90-day clock "would have . . . required [plaintiff] to serve the defendants no later than August 27, 2020."   Id. at p. 5 (referencing Docket 12 at p.3).

Defendants argue plaintiff can establish neither "good cause" nor "excusable neglect" to avoid the 90-day requirement of Rule 4(m).   Id. (referencing Kurka v. Iowa County, Iowa, 628 F.3d 953, 957 (8th Cir. 2010) ("[I]f the district court concludes there is good cause for plaintiff's failure to serve within [90][2] days, it *shall* extend the time for service.   If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice. . . . To warrant a discretionary extension, the plaintiff must establish excusable neglect.") (emphasis in original; internal citations omitted).

---

[2]The 2015 amendment to Rule 4(m) reduced "[t]he presumptive time for serving a defendant . . . from 120 days to 90 days."   Fed. R. Civ. P. 4 (Advisory Committee Notes, 2015 Amendment).

6

Plaintiff resists defendants' Rule 4(m) motion.  (Docket 24 at p. 1).   In summary, plaintiff argues:

> [His] failure to timely file and serve qualifies for a good cause exception under Federal Rule of Civil Procedure 4(m), because of Defendants' counsel's misleading actions. Seegrist's circumstances also qualify for an excusable neglect discretionary exception from this Court, because of the COVID-19 pandemic, Seegrist's move from Pennington County jail, and Seegrist's counsel good faith actions in pursuit of filing an amended complaint and subsequently serving Defendants in a timely manner.

Id. at pp. 1-2.

    A.    GOOD CAUSE

Plaintiff argues his "failure to timely serve Defendants qualifies for a good cause exception under Fed. R. Civ. P. 4(m), because of the Defense counsel's misleading communications to Seegrist's court appointed counsel."  (Docket 24 at p. 10).   Plaintiff's counsel contends his investigation of Mr. Seegrist's claim was "repeatedly thwarted" by defense counsel.  Id. at p. 11.   Plaintiff's counsel submits he "reached out on nine separate occasions [to defense counsel] attempting to adequately satisfy this Court's request of evaluating Seegrist's case."  Id.   According to plaintiff's counsel, "defendants' counsel responded to five of those requests; of which, only providing information regarding Seegrist's case on one occasion."  Id.   That one response according to plaintiff's counsel produced "two CD's which contained a directory of some photos and dash cam footage."  Id.   Yet, plaintiff's counsel claims he was still without significant information because of the refusal of defense counsel to cooperate with the investigation.  Id.   In plaintiff's view, that information pertained to the K-9 dog,

7

communications from the officers' radios, personnel files, footage from body cameras and other information.  Id.

While defense counsel claimed the Rapid City Police Department did not yet have body cameras on the date in question, it became clear to plaintiff's counsel that assertion was not sound.  Id. at p. 12 (referencing a television report showing Officer Hower wearing a body camera the next day).

Instead of remaining silent about the City's intentions regarding providing more informal discovery to plaintiff, counsel argues "Defendants' counsel could have at least informed Seegrist's counsel they were not intending on providing any more information instead of remaining silent.  Instead, Seegrist's counsel waited."  Id. at p. 13.  Recognizing he may have "waited too long" plaintiff argues "in light of the misleading actions taken by Defendants' counsel, Seegrist's delay is given context.  The context of Seegrist's delay justifies a good cause exception."  Id.

In reply, defendants offer a letter which plaintiff failed to include in his response.  Defendants submit plaintiff "was advised on April 10, 2020 . . . that Defendants had provided everything related to Seegrist's arrest on June 4, 2018, which is the subject of this litigation."  (Docket 27 at p. 2) (referencing Docket 26-3).  Defendants argue "[a]ll of the actions or inactions [by defendants] . . . which Seegrist suggests hindered his ability to comply with the Court's [April 20, 2020] Order occurred before the . . . Order."  Id.  Defendants propose "Seegrist has provided no explanation (other than Seegrist's own delay of two months in

8

responding to his counsel) for any delay that occurred after April 20, 2020. Such does not qualify as 'excusable neglect' or 'good cause.' "  Id.

"[T]he district court's decision to dismiss an action for untimely service and to grant or deny an extension of time pursuant to Rule 4(m)" is reviewed for an abuse of discretion.  Kurka, 628 F.3d at 957.  Kurka explains:

> A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules. . . . [G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

Id. (internal citations omitted).

The court finds "the plaintiff's failure to complete service in a timely fashion [was not] a result of the conduct of a third person."  Id.  Nor were "the defendant[s] . . . evad[ing] service of process or engag[ing] in misleading conduct."  Id.  While it was a professional courtesy for defendants' counsel to provide plaintiff's counsel with some discovery outside of the Federal Rules of Civil Procedure, the production of information which was provided was not mandated and the court finds defendants did not "engage[] in misleading conduct."  Id.

While plaintiff's counsel could have served defendants with a copy of the amended complaint after the April 20, 2020, order, it would be apparent to counsel that were a second amended complaint prepared, that would be the document which should be served on defendants.  The preparation of a second

9

amended complaint constitutes an "understandable mitigating circumstance[]," and constitutes "some reasonable basis for noncompliance with" Rule 4(m).  Id.  The second amended complaint will be addressed in greater detail in this order.

B.   EXCUSABLE NEGLECT

Plaintiff argues that if a good cause exception does not justify dismissing defendants' Rule 4(m) motion, the court should "grant an excusable neglect exception, because of circumstances outside of Seegrist's control."  (Docket 24 at p. 13).  Plaintiff prefaces this argument with the statement that the "Court requested Seegrist's counsel adequately investigate and evaluate the merits of Seegrist's claims."  Id.  Plaintiff asserts that investigation was interrupted by the COVID-19 pandemic which became a national pandemic in March 2020. "Because of the proclamations and the seriousness of the health threat," counsel argues his "firm was forced to reduce his in-person workforce by half."  Id. at p. 14.  "Working with a reduced staff at a busy private law firm," counsel submits "forced all of [his] clients and cases to necessarily become protracted."  Id.  As a result, he contends "COVID-19 and its consequential wake severely hindered . . . counsel's ability to adequately analyze, investigate, and ultimately file an amended complaint and serve Defendants[.]"  Id.

In addition, counsel submits "there was a considerable amount of delay in Seegrist's responses to his counsel, because Seegrist was being moved away from Pennington County to a new location."  Id.  "During the first two-month delay, his counsel and his half-staffed law firm were searching for where Seegrist was placed. . . . During the second two-month delay, . . . counsel was waiting for

Seegrist to review the documents he sent to him." Id. at pp. 14-15. Plaintiff submits "[b]oth circumstances were outside of . . . counsel's control." Id. at p. 15.

Finally, plaintiff argues defendants identify "no prejudice if this Court grants an exception." Id. "[I]f this Court does not find good cause in the circumstances surrounding Seegrist's case," plaintiff argues the court "should exercise its discretion and grant Seegrist an excusable neglect exception." Id.

In reply, defendants argue plaintiff "does not . . . provide any facts or argument as to how the Court's COVID-19 Order, which was entered on March 13, 2020 . . . or any other circumstances prohibited Seegrist from complying with the Court's [April 20, 2020] Order or requesting additional time from the Court when Seegrist failed to comply with the . . . Order." (Docket 27 at p. 16). Defendants acknowledge the "first two-month delay" when Seegrist was transferred from the Pennington County Jail "might constitute 'circumstances beyond [Seegrist's] control." Id. (brackets in original). However, in defendants' view "the first two-month delay is wholly irrelevant to Seegrist's failure [to] file an amended complaint or serve Defendants after the Court's April 20, 2020 Order." Id. at pp. 16-17.

"Defendants . . . acknowledge that the second two-month delay may have been 'outside of Seegrist's counsel's control" but "that delay fits squarely within Seegrist's control[.]" Id. at p. 17. Defendants submit plaintiff "cannot establish . . . excusable neglect for his failure to comply with the Court's Order or the Federal Rules of Civil Procedure." Id.

11

"To warrant a discretionary extension, the plaintiff must establish excusable neglect."  Kurka, 628 F.3d at 957.  Excusable neglect is "an 'elastic concept' that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  Id. at 959 (internal quotation marks and internal citations omitted).  "In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith."  Id.

Defendants fail to identify any prejudice to them, other than perhaps the fact that the litigation would continue if the court allows plaintiff to avoid the rigors of Rule 4(m).  Defendants do not identify any critical evidence or testimony which was lost or would not be available if plaintiff's claims proceed.  This factor weighs in favor of a finding of excusable neglect.

The court finds plaintiff's counsel acted in good faith by seeking to develop plaintiff's claims and investigating the propriety of filing a second amended complaint.  This factor weight in favor of a finding of excusable neglect.

Similarly, the delay caused by plaintiff's counsel's extended investigation and the need to communicate with Mr. Seegrist before asserting claims which he would not be aware of or would not approve is a critical obligation of counsel.  During the COVID-19 pandemic it is not surprising to the court that federal

prisoners are moved from a Bureau of Prisons ("BOP") facility or that prisoners are unable to communicate with the outside world.[3] Whether Mr. Seegrist meets that standard is unclear.  But the two-month delay between being mailed information and documentation from counsel and returning it to counsel is not unreasonable.  The court finds this factor weighs in favor of a finding of excusable neglect.

As soon as the second amended complaint was prepared, plaintiff's counsel promptly served the defendants.  (Dockets 13, 19 & 22-23).  This prompt action acknowledged counsel's obligation to serve the defendants after the time for service may have originally expired.  Kurka, 628 F.3d at 958.

Also important in Kurka and to the court in this case is "the lethal effect of the statute of limitation . . . in determining whether the circumstances warrant a discretionary extension."  Id. (referencing Rule 4, Advisory Committee Note to the 1993 Amendments, Subdivision (m) (discretionary relief may be justified if the statute of limitation would bar the refiled action) (other citations omitted).

Defendants never mention it, but it is clear to the court that if plaintiff's amended complaint or second amended complaint is dismissed, the statute of limitations on plaintiff's § 1983 claims as well as his state tort claims will have expired or will expire in short order.  By plaintiff's second amended complaint,

---

[3]Mr. Seegrist was a federal prisoner housed at the Pennington County Jail until sometime after January 3, 2020, when he was sentenced in Federal District Court.  See United States v. Seegrist, CR. 19-50014, Docket 93 (D.S.D. 2019). As of that date Mr. Seegrist was placed in the custody of the Bureau of Prisons ("BOP") and eventually transferred to a BOP facility somewhere in the United States.

Mr. Seegrist alleges the defendants' conduct prompting his § 1983 claims and his state tort claims occurred on June 4, 2018.   (Docket 13 ¶ 8; see also Dockets 1 at p. 4 and 5 at p. 4).

As the court determined in a previous case, "[s]ince neither 42 U.S.C. § 1983 or 42 U.S.C. § 1985 define the time within which suits thereunder must be brought, the court must look to the most applicable South Dakota statute of limitations to determine whether this action is barred."   Reints v. City of Rapid City, CIV. 13-5043, Docket 63 at p. 2 (D.S.D. 2013) (brackets omitted; citing Johnson v. Dailey, 479 F.2d 86, 88 (8th Cir. 1973)).   "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred."   Id. (citing Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996) (citing S.D.C.L. § 15–2–15.2)).

Similarly, South Dakota law subjects plaintiff's negligence and other tort claims to a three-year statute of limitations.   See SDCL § 15-2-14(3).   The three-year statute of limitations accrues as of the date of the alleged injury.   See SDCL § 15-2-14 (providing that "an action for personal injury" "can be commenced only within three years after the cause of action shall have accrued").   Mr. Seegrist's assault and battery claims would be subject to a two-year statute of limitations.   See SDCL § 15-2-15(1).

"[T]he [United States] Supreme Court, in Walker v. Armco Steel Corp., 446 U.S. 740, 744-53 (1980), held that a federal district court must apply state law that, for statute of limitations purposes, deems an action commenced only when

14

service is made." Sieg v. Karnes, 693 F.2d 803, 804-05 (8th Cir. 1982) (portion of citation omitted). See Young v. Klusken, No. CIV 11-4056, 2012 WL 1090539, at *2 (D.S.D. Mar. 30,2012) ("The Eighth Circuit has held that Walker[,] 446 U.S. 740 . . . , requires that if a state rule requires service of a summons to commence an action, the state rule . . . applies for purposes of determining compliance with the statute of limitations.").

Defendants fail to acknowledge that in Kurka the court found the district court did not abuse its discretion in granting plaintiff a discretionary extension. The factors deemed important to the Kurka court were plaintiff's "efforts after discovering her failure to serve the County before the . . . deadline, the *minimal prejudice to the County*, and the *apparent dispositive harm to Kurka's case*." Kurka, 628 F.3d at p. 960 (emphasis added). The dispositive harm identified by the court was "the potential hardship to Kurka posed by the statute of limitation expiration." Id. at 959.

Were the court to grant defendants' Rule 4(m) motion, plaintiff would not have sufficient time to prepare a new complaint, open a new file with the Clerk of Court and serve each of the defendants in order to preserve and protect the statute of limitation from expiring. The court finds plaintiff's failure to comply with Rule 4(m) was the result of excusable neglect. The court grants plaintiff a discretionary extension to the dates of service of the second amended complaint on each of the defendants. See Dockets 19, 22 & 23. Defendants' Rule 4(m) motion is denied.

2.  FAILURE TO SEEK LEAVE PURSUANT TO RULE 15(a) TO FILE SECOND AMENDED COMPLAINT

Motions to amend pleadings are governed by Fed. R. Civ. P. 15. That rule, as pertinent to this case, provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendants argue plaintiff failed to comply with Rule 15(a)(2) prior to filing his second amended complaint. (Docket 21 at p. 9). Defendants submit "[w]ithout requesting leave from the Court, the Court allowed Seegrist leave to file a Second Amended Complaint." Id. Because plaintiff failed to file an amended complaint by May 29, 2020, but filed his second amended complaint "on August 7, 2020, 70 days after the Court's deadline for doing so. . . . it cannot be said that Seegrist filed his Second Amended Complaint by leave of the Court." Id. at p. 10 (referencing Docket 13). Instead, defendants contend plaintiff "simply took it upon himself to create his own rules, and extend his own deadlines. Such is not consistent with the Federal Rules of Civil Procedure." Id. For these reasons, defendants submit the second amended complaint "should be stricken[.]" Id.

Plaintiff failed to address the Rule 15(a) issue. See Docket 24.

Under Rule 15(a), a plaintiff may amend a complaint as a matter of right if the amendment occurs within a specified time period after service of the complaint. Fed. R. Civ. P. 15(a)(1)(A)-(B). Beyond that time period the plaintiff must obtain the defendant's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts freely permit amended complaints as justice requires. See

Friedman v. Farmer, 788 F.3d 862, 869 (8th Cir. 2015) ("A district court 'should freely give leave [to amend] when justice so requires.' ") (citing Fed. R. Civ. P. 15(a)).  But courts also ask whether denying leave to amend is proper because of the plaintiff's "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted).

Here, defendants object that plaintiff did not file his second amended complaint within the time directed by the April 20, 2020, Order.  The court directed the second amended complaint be filed by May 20, 2020.  (Docket 12 at p. 3).  Yet defendants cannot and do not claim any prejudice because the amendment to the complaint occurred prior to service on defendants.  The court does not perceive plaintiff's counsel ignored the court's deadline without good cause.  Counsel's actions were well intended and certainly the COVID-19 pandemic and its effect on counsel's law office and staffing played a material part in counsel's losing track of the date posted in the court's order.  When reminded the court was anticipating counsel would file an attorney-drafted seconded amended complaint, counsel did just that.  He promptly drafted, filed and served the second amended complaint.

For the reasons articulated above in the Rule 4(m) analysis, the court finds justice requires that plaintiff be permitted to file the second amended complaint.

3.  **FAILING TO SEEK LEAVE PURSUANT TO RULE 21 TO ADD PARTIES**

Rule 15(a) and Rule 21 must be considered when adding additional parties to an amended complaint. Rule 21 provides "[o]n motion or on its own, the court may at any time, on just terms add . . . a party." Fed. R. Civ. P. 21.

Defendants argue it is "inconsistent with the Federal Rules of Civil Procedure, [that] Seegrist's Second Amended Complaint added parties without leave of the Court." (Docket 21 at p. 10) (referencing Fed. R. Civ. P. 15(a)). Defendants contend plaintiff "did not seek leave from this Court to add parties to this case, which was pre-screened by the Court. Seegrist did not add parties pursuant to an amendment of right under Fed. R. Civ. P. 15(a)." Id. at p. 12. Rather, defendants submit plaintiff "simply added four parties at his leisure, without leave or request of this Court." Id. Defendants argue Mr. Gustafson, Mr. Stringer, Mr. King and the City of Rapid City should all "be dismissed for Seegrist's failure to comply with Fed. R. Civ. P. 21." Id.

Plaintiff failed to address the Rule 15(a) and Rule 21 issue. See Docket 24.

Defendants' argument is misplaced. In each of the cases cited by defendants, the plaintiff's complaint had been served, an answer filed and then plaintiff filed an amended complaint without complying with Rule 15 and Rule 21. See Wright v. Foster, No. CIV 13-1014, 2013 WL 6154723, at *1 (D.S.D. Nov. 22, 2013) ("Plaintiff filed an amended complaint naming additional parties defendant. The Court notified defendant by memorandum that the amended

18

complaint had been filed in contravention of the Federal Rules of Civil Procedure . . . ."); Age of Majority Education Corp. v. Preller, 512 F.2d 1241, 1245-46 (4th Cir. 1975) ("Plaintiff['s] . . . amended complaint, purportedly filed after defendants had filed a responsive pleading to the original complaint, dropped one party plaintiff, added two new parties plaintiff, and added six police officers and two state judges as parties defendant."); Madery v. International Sound Technicians, Local 695, 79 F.R.D. 154, 156 (C.D. Cal. 1978) ("In this case, . . . the proposed second amended complaint adds parties not named in the first amended complaint.  In such a situation [when not all of the defendants stipulated to the amendment], the parties must obtain approval of the proposed amendment from this Court.") (referencing Fed. R. Civ. P. 21).

That is not the situation before the court in Mr. Seegrist's case.  As mentioned above, none of the defendants had yet been served and the court anticipated plaintiff's counsel would file a second amended complaint.  It stands to reason that plaintiff's counsel would identify one or more additional members of the Rapid City Police Department who may have some § 1983 or state tort claim exposure from the alleged attack suffered by Mr. Seegrist.  Simply because the court initially dismissed the City of Rapid City and others from plaintiff's *pro* se complaint for failing to state a claim for relief does not bar plaintiff, with counsel, from articulating specific facts which may justify claims.  The court did not anticipate nor would it require plaintiff's counsel to file a motion seeking leave to add additional parties when the court invited plaintiff's counsel to file a second amended complaint.

Defendants' motion to dismiss the second amended complaint for adding additional parties or, in the alternative, to dismiss the additional parties is denied.

## ORDER

Based on the above analysis and no good cause appearing, it is

ORDERED that defendants' motion to dismiss (Docket 20) for failure to comply with Fed. R. Civ. P. 4(m) is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Docket 20) for failure to comply with Fed. R. Civ. P. 21 is denied.

IT IS FURTHER ORDERED that defendant's motion (Docket 21 at p. 1) for failure to comply with Fed. R. Civ. P. 15(a) is denied.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 15(a)(3) defendants shall file their answers or other responsive pleadings to plaintiff's second amended complaint on or before **October 7, 2021**.

Dated September 23, 2021.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE